UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DR. JOSEPH C. TALARICO; and
VICTOR SURGICAL CARE, PLLC,

                        Plaintiffs,                    6:14-CV-1058
                                                                      (GTS/ATB)
v.

EXCELLUS HEALTH PLAN, INC.,

                        Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

WHATLEY KASSAS, LLP                        ILZE C. THIELMANN, ESQ.
  Counsel for Plaintiffs
1180 Avenue of the Americas, 20th Floor
New York, NY 10036

LOEB & LOEB LLP                                          DANIEL A. PLATT, ESQ.
  Counsel for Defendant
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this Employee Retirement Income Security Act ("ERISA") action filed by Dr. Joseph C. Talarico and Victor Surgical Care, PLLC ("Plaintiffs") against Excellus Health Plan, Inc. ("Defendant"), are Plaintiffs' motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65, and Defendant's motion to strike the affidavit of Melissa Talarico. (Dkt. Nos. 25, 31.) The motions are fully briefed, and a hearing on the motion for a preliminary injunction was held on March 10, 2010. (Dkt. Nos. 27, 28, 29, 31, 32, 35; Hrg. Tr.) For the reasons set forth below, both motions are denied.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Claims

Generally, liberally construed, Plaintiffs' Amended Complaint asserts the following eleven claims against Defendant arising from its reduction and then cessation of payment for services rendered by Plaintiffs between approximately September of 2013 and December of 2014: (1) breach of plan provisions for benefits in violation of ERISA § 502(a)(1)(B); (2) violation of ERISA through improper "adjustments"; (3) violation of ERISA by failing to promptly and properly respond to claims; (4) breach of fiduciary duties of loyalty and due care in violation of ERISA § 404; (5) failure to provide a full and fair review in violation of ERISA; (6) breach of contract; (7) breach of the covenant of good faith and fair dealing; (8) quasi-contract / unjust enrichment; (9) violation of N.Y. General Business Law § 349; (10) violation of N.Y. Insurance Law § 3224-A; and (11) tortious interference with prospective economic advantage. (*See generally* Dkt. No. 18 [Plfs.' Am. Compl.].)  Familiarity with the factual allegations supporting these claims in Plaintiffs' Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B. Parties' Arguments on Plaintiffs' Motion

Generally, Plaintiffs' motion requests an Order that (1) enjoins Defendant from improperly recouping payments that Defendant has made on past claims submitted by Plaintiffs, by failing to make payments on claims submitted for current charges for covered, medically necessary medical services provided to enrollees in Defendant's health care plans, (2) enjoins Defendant from telling enrollees in its health care plans that Plaintiffs have been paid for claims on which Defendant has recouped payment, and (3) compels Defendant to provide Plaintiffs with

a detailed accounting of all claims at issue in this action, including providing check numbers and dates on claims submitted by Plaintiffs on which Defendants purports to have made payment directly to its enrollees instead of to Plaintiffs. (Dkt. No. 25, Attach. 1, at 5 [attaching page "1" of Plfs.' Memo. of Law].)

Generally, in their motion papers and during oral argument, Plaintiffs have asserted the following two arguments: (1) they will suffer irreparable harm in the absence of a preliminary injunction because they will have to close the doors of their practice forever (given that Defendant's enrollees represent 60% of their patient base, they are unable to make payroll and pay overhead, and they have reached the limit of their line of credit and credit cards); and (2) there exist sufficiently serious questions as to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor, because Plaintiffs do not lack standing to assert claims on behalf of their patients (given that Defendant's Anti-Assignment Provision, which prohibits patients from transferring their "right to collect money from [Defendant]" for the services provided under the policy, is too narrow to encompass Plaintiffs' right to sue for the patients' receipt of funds and, in any event, Defendant waived the right to invoke the provision because it paid Plaintiffs in the past and stopped payment without citing the provision). (*See generally* Dkt. No. 25, Attach. 1 [Plfs.' Memo. of Law]; Dkt. No. 28 [Plfs.' Reply Memo. of Law]; Hrg. Tr.)

Generally, in its motions papers and during oral argument, Defendant has asserted the following two arguments: (1) Plaintiffs will not suffer irreparable harm in the absence of a preliminary injunction because (a) their claim that Defendant has stopped paying their patients is (in addition to being supported by inadmissible hearsay) contradicted by the evidence adduced

3

by Defendant, and (b) in any event, Plaintiffs' claim that their business will fail is speculative and supported by only inadmissible evidence (and their reliance on *Roso-Lino Beverage Distrib., Inc. v. Coca-Cola Bottling Co.,* 749 F.2d 124, 125 [2d Cir. 1984], is misplaced because that case is distinguishable from the current case); and (2) there do not exist sufficiently serious questions as to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiffs' favor because (a) they lack standing to assert their ERISA claims (given that the plans and policies at issue in this action contain prohibitions on assignment), (b) even if the plans did not prohibit such an assignment, Plaintiffs admit that, of the 444 claims at issue, they do not any have assignments for 176 of those claims, and they have been assigned the right to receive direct payments for only 199 of those claims (leaving only 69 claims for which they have allegedly been assigned the right to file suit), and (c) to the extent Plaintiffs had inadvertently been paid directly in the past, such payment does not impose on Defendant an ongoing obligation to continue direct payment. (*See generally* Dkt. No. 27, Attach. 2 [Def.'s Opp'n Memo. of Law]; Dkt. No. 31 [Def.'s Motion to Strike]; Dkt. No. 32 [Def.'s Evid. Obj.]; Hrg. Tr.)

### C. Parties' Arguments on Defendant's Motion

Generally, in its motion to strike the affidavit of Melissa Talarico, Defendant asserts the following two arguments: (1) the Court should exercise its discretion to strike the affidavit of Melissa Talarico in its entirety because it is well settled that a party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers (thus depriving the opposing party of the opportunity to respond to that new evidence); and (2) at the very least, the Court should strike Paragraphs 5-14, 16-18, and 20-22 of the affidavit because

4

they contain evidence that is inadmissible in that it (a) lacks foundation under Fed. R. Evid. 602, (b) contains improper conclusions under Fed. R. Evid. 704, (c) is not the best evidence under Fed. R. Evid. 1002, and/or (d) is irrelevant under Fed. R. Evid. 402. (Dkt. Nos. 31, 32.)

Generally, in response, Plaintiffs assert the following two arguments: (1) the Court should exercise its discretion to *not* strike the affidavit of Melissa Talarico because Defendant was not deprived of the opportunity to respond to that affidavit in that Defendant had the opportunity both submit contrary evidence and cross-examine her at the hearing (which it declined to do); and (2) each of the evidentiary objections made by Defendant is unfounded. (Dkt. No. 35.)

### D. Post-Oral Argument Settlement Negotiations

Since oral argument on March 10, 2015, Defendant has, at the Court's encouragement, made an effort to voluntarily supply Plaintiffs with the information they request in their motion, in an attempt to resolve some or all of the parties' dispute. (Hrg. Tr. at 35-37; Text Notice filed March 18, 2015; Dkt. No. 36 [Def.'s Status Report filed March 20, 2015]; Dkt. No. 37 [Plfs.' Status Report filed March 20, 2015]; Text Notice filed March 23, 2015; Dkt. No. 38 [Def.'s Suppl. Status Report]; Text Minute Entry filed March 25, 2015]; Text Minute Entry filed March 26, 2015]; Dkt. No. 40 [Joint Status Report filed Apr. 13, 2015].)

However, despite the parties' attempt, settlement has not been possible. (Dkt. No. 40 [Joint Status Report filed Apr. 13, 2015]; Dkt. No. 41 [Notice to Court].) Moreover, on May 1, 2015, Plaintiffs filed a notice of the closing of Victor Surgical Care, PLLC. (Dkt. No. 41 [Notice to Court].) As a result, the Court has found that a decision on the parties' motions need not be reserved any longer in order to encourage settlement.

5

## II. GOVERNING LEGAL STANDARD

Generally, the issuance of a preliminary injunction pursuant to Fed. R. Civ. P. 65 depends on the movant's demonstration of (1) irreparable harm in the absence of injunctive relief and (2) either (a) a likelihood of success on the merits or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995). Because the parties have demonstrated in the memoranda of law an adequate understanding of this legal standard, the Court need not, and does not, further elaborate on this legal standard in this Decision and Order, which (again) is intended primarily for the review of the parties.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Irreparable Harm

After carefully considering the parties' arguments on this issue, the Court finds that Plaintiffs have not demonstrated that irreparable harm would result if the present motion is not granted, for the reasons stated by Defendant (except for the reasons stated in its cross-motion to strike the affidavit of Melissa Talarico). *See, supra,* Part I.B. of this Decision and Order. More specifically, the Court finds that irreparable harm is speculative based on the declaration and supporting exhibits of Debbie D'Ambrosio (Dkt. No. 27, Attach. 1), as well as the affidavit and supporting exhibits of Plaintiffs' own witness, Melissa Talarico (Dkt. No. 29).

To those reasons, the Court would add only two points. First, after carefully considering the matter, the Court denies Defendant's motion to strike the affidavit of Melissa Talarico for the reasons stated in Plaintiffs' response papers. (*See, supra,* Part I.C. of this Decision and Order.)

The Court notes that the main rationale for the general rule prohibiting the submission of new evidence in a reply (i.e., fundamental unfairness to the nonmoving party) does not apply when the nonmoving party has an adequate opportunity to respond to the new evidence at a hearing (either through the submission of opposing evidence or the conducting of cross-examination). *See, e.g., Herb Reed Enter., Inc. v. Monroe Powell's,* 11-CV-2010, 2014 WL 3894069, at *4, n.2 (D. Nev. Aug. 8, 2014) ("Defendants had an opportunity to respond to the new evidence at the motion hearing, . . . . The Court therefore will consider the [new evidence].").[1] The Court notes also that a district court may, in its discretion, consider inadmissible evidence on a motion for a preliminary injunction. *See, e.g., Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) ("[H]earsay evidence may be considered by a district court in determining whether to grant a preliminary injunction.").[2]

Second, during oral argument, Defendant's counsel represented, and Plaintiffs' counsel acknowledged, that a few weeks before oral argument Plaintiffs became participating members of Defendant's recognized network of providers, in which status they became entitled to direct

---

[1] *Cf. El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (affirming district court's decision to consider new argument submitted in reply, on a motion for a preliminary injunction, because the court gave the objecting party an opportunity to respond to the new argument at the motion hearing).

[2] *See also Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545, 551 (5th Cir. 1993) ("[A]t the preliminary injunction stage, . . . the district court may rely on otherwise inadmissible evidence . . . ."); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir.1984) ("The urgency of obtaining a preliminary injunction . . . makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may even give inadmissible evidence some weight . . . ."); 11A Wright, Miller & Kane, *Federal Practice & Procedure* § 2949, at 239 (2013) ("[T]he trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be had.").

payment for their services (albeit at a discounted rate), but that they subsequently terminated that status. (Hrg. Tr.) Plaintiffs' counsel represented that they did so because the discounted rates at which services were paid prevented them from earning a "living wage." (*Id.*) The record does not contain evidence supporting the deprivation of a living wage. Indeed, when the Court considers the discounted rates at which Plaintiffs could be paid, as well as the fact Defendant covers only 60% of the patients that Plaintiffs treat, the Court is reminded that, for the closure of a business to constitute irreparable harm, the plaintiffs must have had "no choice but to close their business." *Yong Ki Hong v. KBS Am., Inc.*, 05-CV-1177, 2005 WL 1712236, at *2 (E.D.N.Y. July 22, 2005). Here, while the Court is certainly sympathetic with Plaintiffs, it finds that their decision to close their business appears to be more voluntary than compulsory.

For these reasons, the Court rejects Plaintiffs' argument that failure to grant their motion will result in irreparable harm.

### B. Likelihood of Success on the Merits

Having concluded that Plaintiffs have failed to demonstrate irreparable harm, the Court need not, and does not, decide whether Plaintiffs have demonstrated either (1) a likelihood of success on the merits or (2) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in their favor.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to strike the affidavit of Melissa Talarico (Dkt. Nos. 31, 32) is **DENIED**; and it is further

**ORDERED** that Plaintiffs' motion for a preliminary injunction (Dkt. No. 4) is **DENIED**.

Dated: May 6, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge